J. W. Bowers, *Plaintiff in Error,* v. Miles F. Bixler DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF The Continental Jewelry Company, *Defendant in Error.*

Opinion Filed March 21, 1917.

Petition for Rehearing Denied April 28, 1917.

RULINGS ON MATTERS WITHIN SOUND JUDICIAL DISCRETION WHEN THERE IS NO ABUSE OF SUCH DISCRETION ARE NOT REVERSIBLE ERROR.

Where the rulings by the trial judge that are assigned as error all involve matters within his sound judicial discretion to grant or refuse to grant as he saw proper, and when in said rulings there has been no such abuse of judicial discretion as to justify the appellate court in adjudging it to be reversible error, the judgment of the court below thereon will be affirmed.

Writ of Error to Circuit Court for Okaloosa County; Cephas L. Wilson, Judge.

Judgment affirmed.

*Clark & Thompson,* for Plaintiff in Error;

*S. K. Gillis,* for Defendant in Error.

TAYLOR, J.—The defendant in error hereinafter referred to as the plaintiff brought suit in assumpsit upon an open account for goods sold and delivered, in the Circuit Court of Okaloosa County against the plaintiff in error as defendant below.

On the Rule Day next succeeding the filing of the plaintiff's declaration the defendant moved before the

Clerk of the Court without notice to the plaintiff for an order dismissing the cause for an alleged failure of the plaintiff to file with his declaration a copy of his cause of action, or to serve same on the defendant ten days before the Rule Day succeding the filing of his declaration. This order the Clerk entered upon *ex parte* affidavits filed on behalf of the defendant. Thereafter the plaintiff moved the court to reinstate said cause, filing with his motion a copy of the account sued upon. This motion the court granted on the 7th of March, 1916, reinstating said cause and allowing the defendant until the Rule Day in April, 1916, to plead. To this ruling the defendant excepted.

On April 3rd, 1916, the defendant again moved before the Clerk, without notice to the plaintiff, for another or second order dismissing the cause on the same ground as the first motion for that purpose, *viz*: because the plaintiff had failed to serve a copy of his cause of action on the defendant or his attorney ten days before the Rule Day in April, 1916. This motion the Clerk again granted on *ex parte affidavits* of the defendant and his counsel, and again entered a second order dismissing said cause. This second order of dismissal the plaintiff after due notice to defendant's counsel moved the court to vacate and to reinstate said cause, and for a default judgment for the defendant's failure to plead at the time fixed by the court in its former order. This motion the court granted, reinstating said cause, and awarding to the plaintiff a judgment by default as of the Rule Day in April, 1916, and ordered the Clerk to take proofs of the plaintiff's claim sued on and to enter final judgment thereon as of the Rule Day in April, 1916. This order the Clerk complied with by entering final judgment as of the Rule Day in April, 1916. Thereafter the defendant moved the court

to vacate said default and final judgment. The court denied the motion to vacate the default, but vacated the final judgment entered thereon as of the Rule Day in April, 1916, on the ground that on the last named date there were no proofs on file of the plaintiff's claim, and ordered the Clerk to enter final judgment on the proofs then filed on the subsequent Rule Day in May, 1916. This order the Clerk subsequently on the Rule Day in May, 1916, complied with by the entry of a final judgment on the plaintiff's proof then on file. This judgment the defendant below brings here for review by writ of error.

All of these orders by the court adverse to the defendant are assigned as error. We fail to find reversible error in any of these orders by the court below. They all involved matters that were within the sound judicial discretion of the Circuit Judge to grant or refuse to grant as he saw proper, and we cannot see that in any of the said rulings he has abused his discretion in such sort as to justify this court in adjudging it to be reversible error. The judgment below is, therefore, hereby affirmed at the cost of the plaintiff in error.

BROWNE, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.